IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL N. MILES, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 4:12-CV-132-CDL-MSH |
| VS. | : | |
| | : | |
| Attorney General SAMUEL OLENS and Warden CLAY TATUM | : : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## **ORDER**

Petitioner Michael Miles has filed a motion (ECF No. 1) expressing his intent to file an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. He also requests that counsel be appointed to assist him. If Petitioner wishes to pursue habeas relief in this Court, he must (1) complete and file a standard § 2254 form application and (2) either pay the $5.00 filing fee or seek leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Clerk of Court shall forward Petitioner a copy of the standard form for a § 2254 petition along with a pauper's affidavit and prisoner trust account certification form. Petitioner shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to complete the standard forms and return them to the Clerk of Court. Failure to comply with this Order will result in the dismissal of this action. All documents submitted in this case must show the case number: **4:12-cv-0132-CDL-MSH**.

Petitioner's request for counsel is premature, as he has not even yet filed his

application. Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is proper in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c), 28 U.S.C.A. foll. § 2254. Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). The Court is not yet able to determine whether counsel needs to be appointed in this case; his Motion for the Appointment of Counsel is thus **DENIED**. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion.

There shall be no service of process in this case until further order of the Court.

SO ORDERED, this 28th day of June, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE