IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL N. MILES, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CASE NO. 4:12-CV-132-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden CLAY TATUM, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 14.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

On September 3, 1999, in the Superior Court of Muscogee County, Petitioner Michael Miles pled guilty but mentally ill to three counts of murder, armed robbery, and burglary, eight counts of aggravated assault, one count of possession of a firearm during the commission of a crime, and one count of hijacking a motor vehicle. (Pet. for Writ of Habeas Corpus 1, ECF No 1.) Petitioner was given multiple life sentences, without parole, and 185 years to run consecutively. (*Id.*; Resp't's Ex. 5, ECF No. 16-5.)

Petitioner did not attempt to appeal his conviction until May 3, 2007, when he filed an Out-of-Time Motion to Withdraw Guilty Plea. (Pet. for Writ of Habeas Corpus Ex 3, ECF No 8-2 at 4.) Such request was denied on August 28, 2008. (Pet. for Writ of Habeas

Corpus Ex 1, ECF No 8-1.) On June 30, 2008, Petitioner filed a state habeas corpus action in the Superior Court of Telfair County. (Resp't's Ex. 2, ECF No. 16-2.) The state court denied Petitioner's application for habeas relief on September 11, 2011, and his application for a certificate of probable cause was denied by the Supreme Court of Georgia on April 24, 2012. (Resp't's Exs. 3-4, ECF Nos. 16-3, 16-4.) Petitioner filed his federal application for habeas relief on July 17, 2012. (Pet. for Writ of Habeas Corpus 22.)

## DISCUSSION

### I.     The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

2

of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final."  *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.     Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely.  Petitioner pled guilty and was sentenced on September 3, 1999.  (Pet. for Writ of Habeas Corpus 1.)  Petitioner thereafter had thirty days within which to file a motion for new trial or an appeal.  O.C.G.A. §§ 5-5-40(a), 5-6-38(a).  Petitioner did not timely file a motion for new trial or appeal.  Thus, Petitioner's judgment became final thirty days from September 3, 1999—October 4, 1999.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from October 4, 1999, within which to file his federal application for habeas relief unless the limitations period was tolled.  28 U.S.C. § 2244(d).  Petitioner waited until May 3, 2007, when he filed an Out-of-Time Motion to Withdraw Guilty Plea.  (Pet. for Writ of Habeas Corpus Ex 3, ECF No 8-2 at 4.).  This motion has

3

no bearing on whether Petitioner timely filed his federal habeas petition because it was untimely filed after the AEDPA limitations period expired.  *See Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level.") (emphasis in original); *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Likewise, Petitioner's state petition for habeas relief, filed in 2008, does not toll the AEDPA limitations period because it was filed well outside the limitations period.  Petitioner's federal application for habeas relief, filed July 17, 2012, over eleven years after the expiration of the limitations period fails to invoke the jurisdiction of this Court.  Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

### III.     Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this

standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 14) should be GRANTED and Petitioner's action should be dismissed as untimely.  Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 15th day of May, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE